IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | |
| CATO DEVELOPMENT, INC., and LUCILLE BURTON, | ) ) ) | |
| Defendants. | ) | |

### COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT

COMES NOW Nationwide Mutual Fire Insurance Company ("Nationwide"), as plaintiff, and files this complaint for Rescission and Declaratory Judgment, showing the Court as follows:

### PARTIES

1.

Nationwide is a corporation organized and existing under the laws of Ohio, with its principal place of business in Ohio.

2.

Cato Development, Inc. ("Cato"), a defendant herein, is an administratively dissolved corporation organized under the laws of South Carolina with its principal place of business in South Carolina. It may be served with process through its

registered agent, Kevin D. Cato, 608 Woodyard Road, Trenton, South Carolina 29847.

3.

Lucille Burton ("Burton"), a defendant herein, is a resident of South Carolina. She may be served with process at 1187 Calhoun Street, Johnston, South Carolina 29832. Burton seeks damages from Cato and is properly named so she will be bound by the coverage rulings of this Court.

## **JURISDICTION AND VENUE**

4.

There is complete diversity of citizenship between plaintiff and defendants.

5.

The amount in controversy exceeds $75,000. See Exhibit A.

6.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) as the events or omissions giving rise to the rescission claim occurred in Columbia County, Georgia. Further, the insurance policy at issue was delivered to Cato by

Nationwide's agent located in Columbia County, Georgia, to cover contracting services in Georgia and South Carolina.

8.

Defendants are subject to the personal jurisdiction of this Court.

9.

There is an actual controversy with respect to Nationwide's rescission action and, alternatively, its obligations to provide a defense pursuant to the terms of the insurance contract.

## UNDERLYING LAWSUIT

10.

Burton filed a lawsuit against Cato in the Court of Common Pleas of Edgefield County seeking to recover damages for:

> Defendant's failure to construct and/or repair the House in a workmanlike manner caused unleveled windows to be installed causing inclement environmental conditions, leaks in the roof, improper roof tile placement on the roof, destruction to the inside walls with total wall removal, exposed electrical wires left dangling and hanging from the walls and ceiling, and unleveled door installations causing inclement environmental conditions.

A true and correct copy of the Complaint is attached hereto as Exhibit B.

11.

Nationwide is defending Cato under a Reservation of Rights in the litigation. A true and complete copy of Nationwide's Reservation of Rights correspondence is attached hereto as Exhibit C.

## INSURANCE CONTRACT

12.

On or about March 20, 2008, Cato completed a Commercial Insurance Application for coverage to be provided by Nationwide. A true and correct copy of the Application is attached hereto as Exhibit D.

13.

In completing the application, Cato represented to Nationwide that it operated a flooring installation business in South Carolina and Georgia and that it neither owned nor operated any other business. Cato further represented that it had not done any roofing work in the preceding three years and that no claims were made or lawsuits filed as a result of contracting operations.

14.

In reliance on the truth of the representations in the application, Nationwide issued a commercial general liability policy to Cato as the named insured, for the period March 3, 2008 to March 3, 2009. The declarations page of the policy identifies Cato's business as carpentry. A true and complete copy of Nationwide

policy number ACP GLGO 2303332155 ("the Policy") is attached hereto as Exhibit E.

15.

Under Section I, Coverages of the Commercial General Liability Coverage Form ("CGL Form") of the Policy, Nationwide agreed to pay "those sums that the insured becomes legally obligated to pay as damages because of...'property damage' to which this insurance applies.... However, [Nationwide] will have no duty to defend the insured against any 'suit' seeking damages for... 'property damage' to which this insurance does not apply."

16.

Under Section I(b) of the CGL Form, "[t]his insurance applies to... 'property damage' only if (1) [t]he 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory.'"

17.

Under Section V(17) of the CGL Form, "property damage" is defined as:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18.

Under Section V(13) of the CGL Form, "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

19.

Under Section I(2)(j) – (m) of the CGL Form, the following business risks are excluded from coverage:

    j.    Damage To Property

    "Property damage" to:

    (1)    Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

    (2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

    (3)    Property loaned to you;

    (4)    Personal property in the care, custody or control of the insured;

    (5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

   (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

  Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days.

  Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

  Paragraph (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

k. Damage to Your Product

  "Property damage" to "your product" arising out of it or any part of it.

l. Damage To Your Work

  "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

  This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

m. Damage To Impaired Property Or Property Not Physically Injured

  "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

   (1) A defect deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

  (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

20.

Under Section V(21) of the CGL Form, "your product" is defined as:

  (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    (a) You;

    (b) Others trading under your name; or

    (c) A person or organization whose business or assets you have acquired; and

  (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b. Includes

  (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
  (2) The providing of or failure to provide warnings or instructions.

c. Does not include vending machines or other properly rented to or located for the use of others but not sold.

21.

Under Section V(22) of the CGL Form, "your work" is defined as:

      (1)    Work or operations performed by you or on your behalf; and

      (2)    Materials, parts or equipment furnished in connection with such work or operations.

    b.    Includes

      (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

      (2)    The providing of or failure to provide warnings or instructions.

22.

For purposes of an endorsement titled "Expanded Property Damage Coverage," exclusions j. (3), j. (5) and j. (6) are deleted, with the following provision added:

> The most we will pay for damages because of "property damage" coverage provided by this endorsement arising out of any one "occurrence" is $5,000.

## COUNT I – RESCISSION

23.

The allegations contained in paragraphs 1-22 are incorporated by reference as if set forth especially herein.

24.

Cato's application falsely stated that its business operations was limited to flooring installation, that it had performed no roofing work in the preceding three years and that no claims or lawsuits were filed for contracting operations. These statements are misrepresentations, omissions concealment of facts, and/or incorrect statements to Nationwide in the underwriting process.

25.

If Cato's application had provided truthful information Nationwide in good faith would not have issued the Policy or would have not issued the Policy in as large an amount or at the premium rate applied.

26.

Based on the foregoing, Nationwide is entitled to an order of the court rescinding and voiding the policy *ab initio*.

## COUNT II – DECLARATORY JUDGMENT

27.

The allegations contained in paragraphs 1-26 are incorporated by reference as if set forth especially herein.

28.

The damages sought by Burton are for faulty workmanship by requiring repair or replacement by Cato's work or products. Burton's claims are excluded by exclusions (k) – (m) of the CGL Policy.

29.

To the extent that Burton's claims are for repair or replacement of work subject to exclusions j(3), j(5) or j(6), covered damages would be capped at $5,000 pursuant to the Expanded Property Damage Coverage endorsement.

30.

Based on all the terms, condition and exclusions in the Policy (whether expressly mentioned or identified in this complaint or not), as well as under relevant legal principles and public policy considerations, Nationwide is entitled to a declaration that it has no duty to defend or indemnify Cato for the claims asserted in this litigation.

**PRAYERS FOR RELIEF**

31.

WHEREFORE, Nationwide prays for the following relief from this Court:

    (a)    rescission of the insurance policy based on misrepresentations and omissions in the underwriting process;

(b)  a declaration that Nationwide has no duty to defend or indemnify Cato for the claims asserted in the Burton lawsuit;

(c)  a declaration that any claims subject to exclusions j(3), j(4) or j(5) are subject to a cap of $5,000;

(d)  a trial by jury on all issues so triable; and

(e)  such other and further relief that justice requires.

**FREEMAN MATHIS & GARY, LLP**


/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836

Attorney for Plaintiff Nationwide Mutual Fire Insurance Company

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
770/818-0000 (telephone)
770/937-9960 (facsimile)
L:\DOCS\5685\42985\VJB3196.DOC